ARGES V. STATE




COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-460-CR
 
ANGEL ARGES                                                                      
APPELLANT
V.
THE STATE OF TEXAS                                                              
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Angel Arges appeals from her
conviction for criminal trespass. Arges pled not guilty, but a jury found her
guilty and assessed her punishment at zero days' confinement. The jury also did
not assess a fine. In two issues on appeal, Appellant complains that the trial
court erred in denying her motion to quash, and that the evidence is legally
insufficient to support her conviction. We affirm.
Appellant and her friend became involved
in a noisy altercation with an Albertson's grocery store employee. When the
store manager repeatedly asked Appellant to leave, she refused to do so.
Appellant was arrested and was charged by information and complaint with
criminal trespass.
On October 31, 2002, the day of trial,
Appellant's counsel filed a motion to quash the information alleging that the
information did not charge an offense. The trial court denied the motion to
quash on the ground that, because Appellant had entered her plea of not guilty
on September 25, 2002, any complaint regarding the information was untimely.
In her first issue, Appellant contends
that the trial court erred in ruling that Appellant's complaint was untimely
because she had already entered her plea. Regardless of the trial court's reason
for denying Appellant's motion, if the trial court's ruling was correct on any
theory of law, the appellate court will uphold that ruling. See Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).
A defendant may complain at any time that
an information or indictment failed to charge a person or allege any offense. See
Cook v. State, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995). The elements of
criminal trespass are that: (1) a person; (2) without effective consent; (3)
enters or remains on the property or in a building of another; (4) knowingly,
intentionally, or recklessly; (5) when he had notice that entry was forbidden or
received notice to depart and failed to do so. See Tex. Penal Code Ann.
§ 30.05 (Vernon 2003); Bader v. State, 15 S.W.3d 599, 606 (Tex.
App.--Austin 2000, pet. ref'd). Here, Appellant argues that no offense was
alleged because the information read, in part, that Appellant "remain[ed] in
a property of another . . . without the effective consent" of another,
instead of alleging that she remained "on property . . . of
another . . . or . . . in a building of another" without his
effective consent. See Tex. Penal Code Ann. § 30.05(a) (emphasis
added). An information may still charge an offense, even if it does not track
the language of the charging statute. See Studer v. State, 799 S.W.2d
263, 268 (Tex. Crim. App. 1990) (holding that indictment was constitutionally
valid despite omission of an element of the offense). We hold that the
information charged an offense, and we overrule Appellant's first issue.
In her second issue, Appellant contends
that the evidence is legally insufficient to support her conviction for criminal
trespass. In reviewing the legal sufficiency of the evidence to support a
conviction, we view all the evidence in the light most favorable to the verdict
in order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v.
State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). This standard gives full
play to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.
When performing a legal sufficiency review, we may not sit as a thirteenth
juror, re-evaluating the weight and credibility of the evidence and, thus,
substituting our judgment for that of the fact finder. Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131
(2000).
In determining the legal sufficiency of
the evidence to show an appellant's intent, and faced with a record that
supports conflicting inferences, we "must presume -- even if it does not
affirmatively appear in the record -- that the trier of fact resolved any such
conflict in favor of the prosecution, and must defer to that resolution." Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The standard of
review is the same for direct and circumstantial evidence cases. Burden,
55 S.W.3d at 613; Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim.
App. 1999).
After reviewing the record, we hold that a
rational trier of fact could have found the essential elements of criminal
trespass beyond a reasonable doubt. See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Burden, 55 S.W.3d at 612. The evidence, therefore, is
legally sufficient to support Appellant's conviction, and we overrule her second
issue.
Having overruled both of Appellant's
issues, we affirm the trial court's judgment.
 
                                                                     
PER CURIAM
 
PANEL F: HOLMAN, DAUPHINOT, and GARDNER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 14, 2003

1. See Tex. R. App. P. 47.4.